UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| ELIZABETH THOMAS<br><br>APPELLANT<br><br>vs.<br><br>PCF INVESTMENTS INC, A/K/A<br>PCF PROPERTIES IN TEXAS LLC.<br><br>APPELLEES | Case No. 23-CV-01047(CFC) |

**NOTICE OF SETTLEMENT AND VOLUNTARY DISMISSAL WITH VACATUR**

TO THE HONORABLE JUDGE   COLIN F. CONNOLLY U.S.D.J.

Appellant Elizabeth Thomas states that she and the Appellees PCF Investment Inc a/k/a/ PCF Properties in Texas LLC., (collectively "the Parties"),, have a reached a settlement agreement and hereby agree as follows:

1. On December 17, 2023, the Appellant Elizabeth Thomas joined James Allen, Allan Haye, Robert L. Thomas and James M. Andersen (the "Petitioning Creditors") and Appellees PCF Investments Inc, a/k/a/ PCF Properties in Texas LLC., (the "Debtor") are all persons directly affected by the outcome in the underlying bankruptcy case styled as *In re PCF Investments Inc, a/k/a/ PCF Properties in Texas LLC.*, Case No. 23-10378-(TMH) and have reached a  settlement agreement in regard to all claims between these parties.

2. On December 17, 2023,  Appellant Elizabeth Thomas and the Appellees PCF Investment Inc a/k/a/ PCF Properties in Texas LLC., (collectively "the Parties"), joined in a settlement agreement as to all claims, counter, claims and defenses including all adversary proceeding claims. The Appellate and Appellees concede that they no longer have a "live dispute" or "live controversy" nor have a legally cognizable interest in the outcome'—that is, a personal stake in

the dispute before this Court, therefore the appeal is moot. *See*: <u>Gayle v. Warden Monmouth Cnty. Corr. Inst.</u>, 838 F.3d 297, 303 (3d Cir. 2016) (quoting <u>Chafin v. Chafin</u>, 568 U.S. 165, 172 (2013)). Concomitantly, "an appeal is moot in the constitutional sense, only if events have taken place during the pendency of the appeal that make it impossible for the court to grant any effectual relief whatsoever." <u>In re World Imps. Ltd</u>.

3. Applying these principles, the underlying dispute between the Appellant and the Appellees has been settled. Neither party has a personal stake in the dispute before the Court as it has been settled.. As a general rule, when a case becomes moot at some point during the appellate adjudication, the 'established practice . . . in the federal system . . . is to reverse or vacate the judgment below.'" See <u>Alvarez v. Smith</u>, 558 U.S. 87, 94 (2009) (quoting <u>United States v. Munsingwear, Inc.</u>, 340 U.S. 36, 40 (1950)). <u>Arizonans for Official English v. Arizona</u>, 520 U.S. 43, 71 (1997) (relieving party from an order when "applying it prospectively is no longer equitable").

4. This Court has never adopted a categorical rule, under which a party whose voluntary actions have caused a case to become moot could *never* obtain vacatur. Instead, consistent with vacatur's status as an "equitable" determination. *See*: <u>U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship</u>, 513 U.S. 18, 29 (1994), a "flexible," case-specific approach, can be applied and the Court would find vacatur appropriate when the petitioning parties acted for good-faith reasons external to the litigation rather than "a desire to avoid review," <u>Alvarez</u>, 558 U.S. at 94, 97.

5. Applying that approach here, the case for vacatur is clear: the Appellee PCF Investments Inc., a/k/a PCf Properties in Texas LLC., was never served with either a Summons and Involuntary Petition or with the Adversary Petition. Without any notice, it was deprived of the opportunity to be heard before the Court prior to any orders or judgments being rendered against

it as litigation for or against PCF Investments Inc., a/k/a PCF Properties in Texas LLC., at the time could have only be brought in the Delaware Court of Chancery. *See*: 8 *Del. C.* § 279.. The Appellate Elizabeth Thomas had prior to the day of the hearing withdrawn the reference and was advised that the hearing would still move forward with (i) a Non-Party to the adversary complaint whom never filed a motion to intervene; (ii) a Non-Party for whom neither the Appellate or the other Petitioning Creditors had filed no pleadings before the court against; and (iii) was being represented by a unlicensed Delaware attorney..

6.  The dispute over whether the adversary proceeding was dismissed with prejudice on May 1, 2023, along with the underlying bankruptcy case dismissal or whether the bankruptcy court had subject matter jurisdiction to rule on said motions (the orders at issue) in a closed case or because parties had withdrawn the reference has become moot. And the Court's "established practice" when a case becomes moot while "pending [a] decision on the merits" has long been to "vacate the judgment below." Alvarez, 558 U.S. at 94 ("[W]e normally do vacate the lower court judgment in a moot case."). This Court vacatur would be consistent with the equitable nature of the *Munsingwear* doctrine which emphasizes that "[t]he statute that enables [the Court] to vacate a lower court judgment when a case becomes moot is flexible," *Alvarez*, 558 U.S. at 94, and allows the Court to select the outcome "'most consonant to justice'" in light of the specific facts of a given case, *U.S. Bancorp Mortgage*, 513 U.S. at 24 (citations omitted). This equitable discretion should not be applied in a wooden manner that "deter[s]" public actors from taking "good faith" actions that have the incidental effect of mooting a pending court challenge. 13C Charles Alan Wright et al., Federal Practice and Procedure § 3533.10.1, at 583 (3d ed. 2008) (Federal Practice & Procedure) (discussing *Board of Regents of the Univ. of Texas Sys. v. New Left Educ. Project*, 414 U.S. 807 (1973)).

7.  This Notice of Settlement and Voluntary of Dismissal shall not constitute an admission of liability or fault on the part of the either the Appellant or the Appellees or their agents, servants, or employees, and is entered into by both Parties and all other persons directly affected by the outcome for the sole purpose of compromising disputed claims and avoiding the expenses and risks of further litigation of an appeal.

8.  Pursuant to the terms of December 17, 2023, Settlement Agreement shall be binding upon and inure to the benefit of the Parties thereto and their respective successors and assigns.

9.  As to the "Voluntary Dismissal "pursuant to Federal Rule of Civil Procedure 41(a))(3) with prejudice of the appeal has been conditioned whether the Appellant and Appellee can obtained vacatur of the bankruptcy court prior orders as without such vacatur the Parties Settlement Agreement is essentially meaningless.

10. All Parties agree that whether vacatur is granted or not is at the sole discretion of this Court and merely seek to given the option to move forward with the appeal if Court decides against vacatur.

11. This Court may retain jurisdiction.

Respectfully submitted

By: *Elizabeth Thomas*
Elizabeth Thomas Pro, Se
712 H Street NE #2487
Washington, DC 20002
Tethomas3@aol.com

## CERTIFICATE OF SERVICE

I certify that on February 23, 2024 , the foregoing document was served, via U.S. Postal Service upon:

Omar Perez
Managing Members
PCF Investments Inc.,
PCF Properties in Texas LLC.
2711 Centerville Road
Wilmington, DE 19808

Mailing address:

The Spires Law Firm
17515 Spring Cypress Rd., #C620
Cypress, TX 77429
P: (713) 417-4662
F: (888) 277-0295
Attn: Attorney Alzadia Spires

_____
Elizabeth Thomas

Execution Version

## AGREED SETTLEMENT AGREEMENT AND RELEASE

This settlement agreement ("Agreement") is made as of this 17th day of December 2023, between and among the Debtor PCF Investments Inc, a/k/a PCF Properties in Texas LLC., ("Defendants") and the Petitioning Creditors James Allen, Allan Haye, Robert L. Thomas, James M. Andersen and Elizabeth Thomas ("Plaintiffs") (each of the Plaintiff or Defendants may be referred to herein as a "Party" or "Settling Signatory," and collectively as the "Parties" or "Settling Signatories").

**WHEREAS**, On March 30, 2023, Plaintiffs filed an Involuntary Chapter 7 Bankruptcy Petition (Petition Date") for Debtor *PCF Investment Inc. a/k/a PCF Properties in Texas LLC.*, in the United States Bankruptcy Court the District of Delaware under Title 11, of the United States Code, in Case No. 23-10378-(TMH); and,

**WHEREAS**, On March 30, 2023, Plaintiffs James Allen, Allan Haye, Robert L. Thomas had asserted claims against Defendants in the action pending in the 80th District Court, Harris County, Texas, styled *James Allen, Allan Haye, Robert L. Thomas* vs. *PCF Investment Inc. its subsidiary PCF Properties in Texas LLC vs. James M. Andersen and Elizabeth Thomas*, Cause No. 2020-35780 (the "Lawsuit"); and,

**WHEREAS**, On March 30, 2023, Plaintiff James M. Andersen filed with the Clerk of United States Bankruptcy Court the District of Delaware in case *PCF Investment Inc. a/k/a PCF Properties in Texas LLC* Case No. 23-10378-(TMH) a "Notice of Removal" removing the case from the 80th District Court, Harris County, Texas, styled *James Allen, Allan Haye, Robert L. Thomas* vs. *PCF Investment Inc. its subsidiary PCF Properties in Texas LLC vs. James M. Andersen and Elizabeth Thomas*, Cause No. 2020-35780; and on March 30, 2023, and Plaintiff James M. Andersen filed a copy of notice of removal with the Clerk of the 80th District Court the ("State Court") and the removed case was docketed as an adversary proceeding in the bankruptcy case No. 23-10378-(TMH); and,

**WHEREAS**, without conceding the merit or lack of merits of any the claim, counter claims or defense or the existence of any liability whatsoever, the Settling Signatories wish to settle, compromise, and finally and forever resolve all matters, controversies, disputes, and claims and counterclaims that may exist between the Parties relating to the subject matter of the adversary proceeding including without limitation as to any claims that were or could have been asserted in the adversary proceeding by Plaintiff, or Defendant including the released claims described herein;

**NOW, THEREFORE**, in mutual covenants and promises set forth in this Agreement, and for other good and valuable consideration, the adequacy and sufficiency of which are hereby acknowledged, the Settling Signatories agree as follows:

1. **EXECUTION DATE**. As used in this Agreement, the "Execution Date" shall mean the date as of which the Agreement is fully executed.

2. **SETTLEMENT AMOUNT**. No consideration required for release and Voluntary dismissal of Plaintiffs claims against the Defendants' and Defendants Claims against Plaintiffs and Third Party Defendants Released Parties as set forth herein.

1

(a) The Settlement Amount: Parties agree that no monetary consideration between the parties is due or required.

3. **SETTLEMENT OF ADVERSARY PROCEEDING** : Upon the execution of this agreed settlement and release agreement, Appellant Elizabeth Thomas shall cause to be filed in United States District Court of Delaware in the pending appeal *Elizabeth Thomas vs. PCF Investment Inc, a/k/a/ PCF Properties in Texas LLC.*, Cause No.23-cv-01047 a Joint Notice of Settlement and Voluntary Dismissal and Vacatur of bankruptcy court August 30, 2023 orders and for an order of voluntary dismissal with prejudice-substantially in the form attached hereto as Exhibit A. The documents described in this Paragraph 3 shall be referred to collectively herein as the "Dismissal Documents." Each Party shall take such further actions as may be necessary to obtain immediate dismissal with prejudice of the claims against Defendants and Defendants claims against the Plaintiffs and Third Parties with each side to bear its own costs and disbursements.

4. **RELEASE.**

Plaintiff, James Allen, Allan Haye and Robert L. Thomas on their own behalf (the "Plaintiff Releasors"), hereby knowingly, voluntarily, fully, finally, and forever release, relinquish, settle, and discharge Defendants and their subsidiaries, affiliates, successors, and assigns, in their respective capacities as such, and any of their respective present or former partners, managing directors, shareholders, employees, agents, directors, officers, insurers, and attorneys, in their respective capacities as such (collectively, the "Defendants' Released Parties") of and from any and all claims, allegations, rights, covenants, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or unknown (as defined below), whether arising under federal, state, local, statutory, or common law, that concern, arise out of, refer, or relate in any way to, or are based upon any of the allegations, transactions, facts, matters, or subject matters, occurrences, representations, statements, or omissions alleged, involved, set forth, or referred to in any complaint or amended complaint filed in the *adversary proceeding* and that are based on, arise from, relate to, or are in connection with any real property purchase, acquisition or possession (whether directly or indirectly). The Plaintiff Releasors (including without limitation any claims based on any action, inaction, misstatement or omission by the Defendants' Released Parties), that: (i) were asserted or could have been asserted by the Plaintiff Releasors in the Lawsuit, (ii) would have been barred by res judicata had the Lawsuit been fully litigated to a final judgment, or (iii) could have been asserted in any forum or proceeding or otherwise by the Plaintiff Releasors against the Defendants' Released Parties (collectively the "Plaintiffs Released Claims). Plaintiffs represent and warrant to Defendants that Plaintiff has the right and authority to release, relinquish, settle and fully discharge the Plaintiffs Released Claims on behalf of themselves and the Plaintiff Releasors;

Upon the filing, of the Dismissal Documents, Defendants, PCF Investment a/k/a PCF Properties in Texas LLC., on their own behalf and on behalf of their respective subsidiaries, affiliates, successors, and assigns, in their respective capacities as such, and any of their respective present or former partners, managing directors, shareholders, employees, agents, directors, officers, insurers, and attorneys, in their respective capacities as such (collectively, the "Defendants' Released Parties") in their respective capacities as such (the "Defendant Releasors"), hereby knowingly, voluntarily, fully, finally, and forever release, relinquish, settle, and discharge the Plaintiffs James Allen, Allan Haye and Robert L. Thomas and the Third Party Defendants James M. Andersen and Elizabeth Thomas of and from any and all claims, allegations, rights, covenants, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or unknown

2

(as defined below), whether arising under federal, state, local, statutory, common law, or any other domestic or foreign law, rule or regulation, that arise from, relate to or are in connection with the institution, prosecution, assertion, settlement, or resolution of the adversary lawsuit or the Plaintiffs Released Claims ("Defendants' Released Claims");. of and from any and all claims, allegations, rights, covenants, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or unknown (as defined below), whether arising under federal, state, local, statutory, common law, that concern, arise out of, refer, or relate in any way to, or are based upon any of the allegations, transactions, facts, matters, or subject matters, occurrences, representations, statements, or omissions alleged, involved, set forth, or referred to in any complaint or amended complaint filed in the adversary proceeding and that are based on, arise from, relate to, or are in connection with any real property, and hereby release any purported interest, title or possession of said property at issue (whether directly or indirectly), to the Plaintiffs Releasors (including without limitation any claims based on any action, inaction, misstatement or omission by the Defendants' Released Parties), that: (i) were asserted or could have been asserted by the Plaintiff Releasors in the Lawsuit, (ii) would have been barred by res judicata had the Lawsuit been fully litigated to a final judgment, or (iii) could have been asserted in any forum or proceeding or otherwise by the Plaintiff Releasors against the Defendants' Released Parties (collectively the "Plaintiffs Released Claims).

5.     **ATTORNEYS' FEES AND EXPENSES**.  The Parties agree that this Settlement constitutes the entire agreement of Plaintiffs claims against Defendants and the Defendants counter claims against the Plaintiffs and Third Party Defendants in the Adversary Proceedings and Defendants, on the one hand, and Plaintiff, on the other, will not seek to recover any additional amounts from each other including for their attorneys' fees and expenses in connection with all matters related to the Lawsuit and its settlement.  Each party agrees to bear its own attorney fees and cost

6.     **NO ADMISSION OF WRONGDOING.**  This Settlement Agreement reflected herein, and all communications or other actions relating to this settlement and shall not, in any way be interpreted in any way as an admission by: (a) any of the Parties with respect to the truth or falsity of any fact alleged in the Lawsuit or the deficiency of any allegation or defense that has been or could have been asserted, or of any liability, negligence, fault, misrepresentation, omission, or other wrongdoing or actionable conduct of any of the Parties; or (b) of any liability, negligence, fault, misrepresentation, omission, or other wrongdoing or actionable conduct with respect to any statement or written document approved or made by Defendants. Notwithstanding the foregoing, the Settling Signatories may refer to this Agreement to effectuate the release of the Plaintiffs Released Claims, Defendants' Released Claims and other liability protections granted hereunder.

7.     **ENTIRE AGREEMENT.**  The Parties acknowledge and agree that: (a) no promises, representations, or agreements have been made in connection with this Agreement other than those set forth herein, and that they intend this to be a final and binding settlement and release of all of Plaintiffs' Released Claims against the Defendants' Released Parties, and of all of Defendants' Released Claims against the Plaintiff Releasors, on the terms set forth herein, whether or not they have been previously asserted or articulated; and (b) except as expressly stated in this Agreement, none of the Parties has made any promise, statement, or representation of fact or law that has been relied upon by any of the other such signatories in entering into this Agreement.

3

8.     **AUTHORITY.** Each of the Plaintiffs James Allen, Allan Haye and Robert L. Thomas represents, warrants, and agrees that Plaintiffs: (i) has made such investigation of the facts pertaining to this settlement and this Agreement and of all the matters pertaining thereto as it deems necessary; (ii) has had the opportunity to have counsel of its choosing review this Agreement; (iii) has read this Agreement, understands its contents, and has executed it voluntarily and without duress or undue influence from any person or entity; and (iv) has full power and authority to enter into and perform all actions or transactions contemplated by this Agreement. Without limiting the generality of the foregoing in any way, Plaintiffs represent and warrant that they (i) are the sole legal owner of, and has full right, title and interest in, the claims upon which it sued in the Adversary Proceedings Lawsuit; and (ii) have full right, power, and legal authority to release Plaintiffs' Released Claims (including without limitation the claims upon which it sued in the Lawsuit) on behalf of the Plaintiff Releasors.

(a)     Defendants PCF Investments Inc., a/k/a PCF Properties in Texas LLC., signing this Agreement, represent, warrant, and agree that Defendants: (i) have made such investigation of the facts pertaining to this settlement and this Agreement and of all the matters pertaining thereto as they deem necessary; (ii) have had the opportunity to have counsel of their choosing review this Agreement; (iii) have read this Agreement, understand its contents, and have executed it voluntarily and without duress or undue influence from any person or entity; (iv) have duly and validly authorized the execution and delivery of this Agreement by their counsel; and (v) have full power and authority to enter into and perform all actions or transactions contemplated by this Agreement. Without limiting the generality of the foregoing in any way, Defendants represent and warrant that they have the full right, power and legal authority to release Defendants' Released Claims on behalf of the Defendant Releasors.

(b)     Third Party Defendant James M. Andersen and Elizabeth Thomas signing this Agreement, represent, warrant, and agree that Third Party Defendants: (i) have made such investigation of the facts pertaining to this settlement and this Agreement and of all the matters pertaining thereto as they deem necessary; (ii) have had the opportunity to have counsel of their choosing review this Agreement; (iii) have read this Agreement, understand its contents, and have executed it voluntarily and without duress or undue influence from any person or entity; (iv) have duly and validly authorized the execution and delivery of this Agreement by their counsel; and (v) have full power and authority to enter into and perform all actions or transactions contemplated by this Agreement. Without limiting the generality of the foregoing in any way, Defendants represent and warrant that they have the full right, power and legal authority to release Defendants' Released Claims on behalf of the Defendant Releasors.

9.     **BINDING AGREEMENT.** This Agreement is binding and inures to the benefit of the Parties, their successors, and assigns. Each person signing this Agreement or any portion thereof on behalf of any entity hereby warrants and represents that such person expressly has been authorized to execute this Agreement on behalf of such entity as a document legally binding on such entity, and that such person has full authority to take all such reasonable, necessary and appropriate actions that may be required or permitted to be taken pursuant to the Agreement to effectuate its terms.

10.     **MODIFICATION.** This Agreement shall not be altered, amended, modified , or rescinded except by an instrument in writing signed by each of the Parties, and specifically referencing this Agreement.

11. **VACATUROF PRIOR ORDERS:** The Parties agreed that Appellate Elizabeth Thomas and Appellees PCF Investments Inc.,a/k/a PCF Properties in Texas LCC., will jointly seeks the Court for vacatur of bankruptcy courts August 30, 2023, orders.

December 17, 2023.

**Signature of Agreed Parties:**

By _____
James Allen
256 Andover Dr.
Doraville, GA 30360
jamesallenthegreat74@gmail.com

By _____
Allan Haye
4548 NW 6th Ct
Ocala FL 33475
AllanHaye23@gmail.com

By _____
Robert L. Thomas
3400 Cypresswood
Houston TX. 77070
Robert9thomas@yahoo.com

By _____
Elizabeth Thomas
712 H Street NE #2487
Washington DC 20002
clizthomas234@gmail.com

By _____
James M. Andersen
P. O. Box 58554
Webster, Texas 77598-8554
jandersen.law@gmail.com

By _____
Omar Perez Managing Member of
PCF Investments Inc a/k/a
PCF Properties in Texas LLC
2711 Centerville Rd
Wilmington, DE 19808
pcfpropertiesintexasllc456@gmail.com

5