UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

ELIZABETH THOMAS

APPELLANT

vs.

PCF INVESTMENTS INC, A/K/A
PCF PROPERTIES IN TEXAS LLC.

APPELLEES

Case No. 23-CV-01047(CFC)



### APPELLANTS UNOPPOSED MOTION AND REQUEST SHORTENING TIME FOR NOTICE OF THE HEARING TO CONSIDER AN EXPEDITED APPLICATION FOR ENTRY OF AN ORDER FOR VOLUNTARY DISMISSAL

TO: THE HONORABLE JUDGE COLIN F. CONNOLLY U.S.D.J.

Appellant Elizabeth Thomas, moves the Court on a expedited basis for an order of voluntary dismissal, of this appeal pursuant to Federal Rule of Civil Procedure 41(b(2) with prejudice. The Appellant has joined the Appellees PCF Investments Inc, a/k/a PCF Properties in Texas LLC., and the other Petitioning Creditors James Allen, Allan Haye, Robert L. Thomas and James M. Andersen settlement agreement entered into on December 17, 2023, amended on March 18, 2023, (the "Amended Settlement Agreement") which has resolved all causes of actions, claims, counter claims, third party claims and issues subject to this appeal as to the March 30, 2023, adversary complaint by agreement with all costs and expenses of said appeal being paid by the party incurring the same. See **Exhibit** A.

Appellant Thomas, moves the Court to vacate the bankruptcy court orders entered on August 30, 2023, [DI, 19,20, and 22]. The U.S. Supreme Court has noted that generally, when "a civil case from a court in the federal system . . . has become moot while on its way here or pending a decision on the merits," the established practice is "to reverse or vacate the judgment

**1 |** P a g e

below and remand with a direction to dismiss." Id. at 22, quoting *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950). The court made it clear, though, that this practice is limited to those cases in which the mootness arose out of circumstances beyond the "parties' control and was not engineered by the party that filed the appeal. *Bancorp*, 513 U.S. at 25.

The Appellant Thomas filed this appeal; however argues that the Appellant ***did not*** engineer or control the parties' willingness to enter into a settlement agreement. The main parties to the adversary complaint at issue were Plaintiffs James Allen, Allan Haye, and Robert L. Thomas and Defendant PCF Investment Inc., a/k/a PCF Properties in Texas LLC, these parties were going to settle and resolve all causes of actions, claims and issues subject to this appeal by agreement whether the appellant a third party defendant joined or not.

The Appellant moves for vacatur of the bankruptcy courts August 30, 2023, orders due to "'exceptional circumstance." Bancorp requires "'exceptional circumstances' to justify the equitable relief of vacatur following a settlement"), quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863–64 (1988) and Bancorp, 513 U.S. at 25–26.

The Appellant argues that "'exceptional circumstance" exist here as the bankruptcy court August 30, 2023, orders [DI, 19, 20, and 22], are void for lack of personal jurisdiction over debtors PCF Investment Inc., a/k/a PCF Properties in Texas LLC whom were never served with a summon or petition as such has never appeared detailed below:

On May 1, 2023, the bankruptcy court granted the Petitioning Creditors *Elizabeth Thomas, James Allen, Allan Haye, Robert L. Thomas and James M. Andersen* "Motion to Dismiss" the Chapter 7 involuntary petition due their lack of ability to served debtors PCF Investment Inc., a/k/a PCF Properties in Texas LLC with the summons and the Chapter 7 involuntary petition pursuant to Rule 7004(f). As such the debtors PCF Investment Inc., a/k/a PCF Properties in

Texas LLC, has *never* made an appearance in the bankruptcy court. Rules 7004(f), of the Bankruptcy Code requirements for service are not discretionary but a requirement for the court to obtain personal jurisdiction over the debtors PCF Investment Inc., a/k/a PCF Properties in Texas LLC.

On July 26, 2023, when the Petitioning Creditors *Elizabeth Thomas, James Allen, Allan Haye, Robert L. Thomas and James M. Andersen*, filed their motions for the sole purpose of determining whether the claims alleged in the adversary complaint ("the Notice of Removal") had been dismissed with prejudice along with the underlying bankruptcy case the debtors PCF Investment Inc., a/k/a PCF Properties in Texas LLC, were never served with a copy of any of these motions. Prior to August 29, 2023, the date the motions were set for oral hearing before the bankruptcy court the Petitioning Creditors, never served debtors PCF Investment Inc., a/k/a PCF Properties in Texas LLC, with a notice of the hearing.

On July 31 2023, John V. Burger a State of Texas Attorney who is *not* admitted to practice by the Supreme Court of the State of Delaware made an unauthorized appearance as counsel for Debtors PCF Investment Inc., a/k/a PCF Properties in Texas LLC., and registered with CM/ECF to file "Objection" to all three (3) of the Petitioning Creditors Motions before the bankruptcy court. Re-produce below is snapshot of the bankruptcy court docket sheet as of September 26, 2023:

| *Alleged Debtor* <br> **PCF Investments Inc.,** *is a defunct Delaware Corporation since 1993* <br> 2711 Centerville Road <br> Suite 400 <br> Wilmington, DE 19808 <br> NEW CASTLE-DE <br> Tax ID / EIN: 00-0000000 <br> *aka* **PCF Properties in Texas, LLC.** | represented by **John V Burger** <br> Barry and Sewart <br> 4151 Southwest Frwy <br> Suite 680 <br> Houston, TX 77027 <br> 713-960-9696 <br> Fax : 713-961-4403 <br> Email: bankruptcy@burgerlawfirm.com |
|---|---|

Appellants argues that on July 31 2023, John V. Burger a non-licensed Delaware attorney materially misrepresented to the court that he was counsel of record in representation of the debtors PCF Investments Inc., a/k/a PCF Properties in Texas LLC, so he could instead litigate on behalf of NON-Debtor P.C.F. PROPERTIES IN TX, LLC, thru said debtors.

On July 31 2023, Burger litigated thru the debtors PCF Investments Inc., a/k/a PCF Properties in Texas LLC, by filing pleadings ("Objections") and inserting the Debtors name in the caption of the pleadings but in the body of the pleading raise arguments solely on behalf of another similar named entity P.C.F. PROPERTIES IN TX, LLC., a Texas Limited Liability Company, if they were the debtor instead of PCF Investments Inc., a/k/a PCF Properties in Texas LLC. Burger an unlicensed Delaware attorney never had any intent on representing the debtors..

Non-Debtor P.C.F. PROPERTIES IN TX, LLC, is a Texas limited liability company has a similar name but is unrelated entity that is separate and distinct from the debtor PCF Investments Inc, a Delaware Corporation and PCF Properties in Texas LLC, a Colorado Limited Liability Company and P.C.F. PROPERTIES IN TX, LLC, is ***not named*** as the debtor of record as evidence by the Chapter 7 Involuntary Petition filed on March 30, 2023.

On July 31 2023, Burger filed "Objections" on behalf of Non-Debtor P.C.F. PROPERTIES IN TX, LLC, to each of the Petitioning Creditors three (3) motions relating to the March 30, 2023, adversary proceeding (the "Notice of Removal") which removed the case styled as, *James Allen, Allan Haye, Robert L. Thomas and vs. PCF Investment Inc., a/k/a PCF Properties in Texas LLC vs. Elizabeth Thomas and James M. Andersen* in the 80th District Court, Harris County, Texas under cause No. 2020-35780. Non-Debtor P.C.F. PROPERTIES IN TX, LLC, is not named as a party to either the Notice of Removal or Texas state court action under cause No. 2020-35780, having been non-suited on February 18, 2022.

On August 29, 2023, Burger appeared at the bankruptcy court hearing on behalf of Non-Debtor P.C.F. PROPERTIES IN TX, LLC., and argued its "Objections" to all three of the Petitioning Creditors Motions in relating to the adversary proceeding under the false pretense of being before the Court as the debtor and sough affirmative relief that bankruptcy court deny all three of Petitioning Creditors motions. Below is a snapshot of those who attended the hearing:

PCF Investments
Case No. 23-10378 (TMH)
8.29.2023 Hearing re: Emergency Motion to Reopen

| First Name | Last Name | Party Representing | Firm Name |
|---|---|---|---|
| John | Burger | P.C.F. Properties in TX, LLC | Barry & Sewart, PLLC |
| Elizabeth | Thomas | Pro Se | Elizabeth Thomas |
| James | Andersen | Pro Se | |

On August 29, 2023, the Petitioning Creditors James Allen, Allan Haye and Robert L. Thomas, after filing a withdrawal of reference never attended the hearing having filed no motion or pleadings before the court seeking any relief related P.C.F. PROPERTIES IN TX, LLC., a Texas limited liability company for whom they had no "justiciable dispute" with as they are not named as the debtor on Chapter 7 Involuntary petition.

On August 29, 2023, Appellant Thomas and James M. Andersen were notified by the judges clerk via e-mail that they could face sanctions if an agenda was not filed prior to the hearing and they did not attend. Although Appellant Thomas and James M. Andersen and appeared at the hearing they both merely stated their names for record and thereinafter remain respectfully silent and did not engage court or Burger having filed no motion or pleadings before the court seeking any relief related P.C.F. PROPERTIES IN TX, LLC., a Texas limited liability company for whom they had no "justiciable dispute" with as they are not named as the debtor on Chapter 7 Involuntary petition.

On August 29, 2023, the bankruptcy court based on the objections and arguments made by Non-licensed attorney Burger on behalf of Non-Debtor P.C.F. PROPERTIES IN TX, LLC, a Texas limited liability company granted the non-debtor objections and denied all three of the Petitioning Creditors Motions. However when the bankruptcy court entered its final orders on August 30, 2023, they were issued in the name of the debtors PCF Investments Inc., a/k/a PCF Properties in Texas LLC, _**instead**_ of Non-Debtor P.C.F. PROPERTIES IN TX, LLC, a Texas Limited Liability company.

The issuance of bankruptcy court August 30, 2023, orders in the names of the debtors PCF Investments Inc., a/k/a PCF Properties in Texas LLC, this gives the mistaken appearance on paper that the debtors appeared *via* its counsel John Burger and participated in August 29, 2023, bankruptcy hearings on the Petitioning Creditors three (3) Motions relating to the adversary proceedings; and after the hearing prevailed when the court granted its objections. When in fact this is **_not_** what transpired August 29, 2023, as the debtors PCF Investments Inc., a/k/a PCF Properties in Texas LLC, has never appeared and P.C.F. PROPERTIES IN TX, LLC., a Texas limited liability company whom did appear via Burger **is not** the debtor.

Nonetheless, all three of the bankruptcy court orders entered on August 30, 2023, as to the debtors PCF Investments Inc., a/k/a PCF Properties in Texas LLC, are void for lack of personal jurisdiction over due to lack of service pursuant to Rules 7004(f), of the Bankruptcy Code as "warrant vacatur." For a court to exercise personal jurisdiction over a defendant, the defendant must be served process, alerting the defendant to the pendency of the suit and the nature of the claims against her. See <u>Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.</u>, 484 U.S. 97, 104 (1987) ("[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.") (quoting

*Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444– 45 (1946)); *Volkswagenwerk Aktiengessellschaft v. Schlunk*, 486 U.S. 694, 700 (1988) Wright & Miller, Federal Practice & Procedure, § 1063 (describing the primary function of service of process as "provid[ing] the mechanism for bringing notice of the commencement of an action to the defendant's attention and to provide a ritual that marks the court's assertion of jurisdiction over the suit").

On May 1, 2023, the bankruptcy court entered an order dismissing with prejudice the Petitioning Creditors Chapter 7 Involuntary Petition filed for debtors PCF Investments Inc., a/k/a PCF Properties in Texas LLC, due to the inability to serve them with the summons and petition.

As such on August 30, 2023, when the bankruptcy court entered its orders, [DI, 19, 20, and 22], the court lacked personal jurisdiction over debtors PCF Investments Inc., a/k/a PCF Properties in Texas LLC, due to the Petitioning Creditors inability to serve them with the summons, petition, motions and notice of hearing as such they have never appeared.

If a court enters orders and lack subject-matter jurisdiction or lack personal jurisdiction over the parties or if the order was not within the powers granted to the court by law the order is void. *Marshall v. Board of Education, Bergenfield, New Jersey*, 575 F.2d 417, 422 (3d Cir. 1978). A judgment or order based on a "jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard is void ." *United Student Aid funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). "If a court lacks jurisdiction over the parties because of insufficient service of process, the judgment is void and the district court must set it aside. See: *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992). The court must find that it has personal jurisdiction over party before it makes any decision on the merits. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007). Bank One of Cleveland, N.A. v. Abbe, 916 F.2d 1067, 1081 (6th Cir. 1990) ("It is elemental that a

judgment rendered by a court lacking personal jurisdiction over the defendant is void.").

Because the bankruptcy court never obtained personal jurisdiction over the debtors PCF Investment Inc., a/k/a PCF Properties in Texas LLC, its August 30, 2023, judgments are void.

As to the bankruptcy Court August 30, 2023, memorandum order [DI 22], in response to the Petitioning Creditors, motion the Appellant ***does not*** move this Court to "review" the bankruptcy court remand decision. Instead the Appellant seeks vacatur of a remand order and vacatur does not necessarily constitute a proscribed review of a remand decision. See: *Tramonte v. Chrysler Corp.*, 136 F.3d 1025, 1028 (5th Cir. 1998) ("[V]acatur of the remand order would .. not constitute a review of the merits of that order, prohibited by 28 U.S.C. § 1447(d). This is because vacatur may be available even when review (defined as "reconsideration; second view or examination; revision; consideration for purposes of correction") is precluded. *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 22–23 (1994), and Black's Law Dictionary 1320 (6th ed. 1990)). Thus, if a court vacates an order for "reasons that do not involve a reconsideration or examination of its merits," then there is no review of the order, and a court does not run afoul of § 1447(d)'s prohibition on review. And unlike reconsideration, vacatur does not require reassessing the facts that were presented to the district/bankruptcy court at the time the cases were removed. See *Tramonte*, 136 F.3d at 1028. This Court vacatur would be consistent with the equitable nature of the *Munsingwear* doctrine which emphasizes that "[t]he statute that enables [the Court] to vacate a lower court judgment when a case becomes moot is flexible," *Alvarez*, 558 U.S. at 94, and allows the Court to select the outcome "most consonant to justice'" in light of the specific facts of a given case, *U.S. Bancorp Mortgage*, 513 U.S. at 24

(citations omitted). No parties would be prejudiced by the shortened notice requested herein or by the approval of this Motion on an ex parte basis.

## CONCLUSION

**WHEREFORE**, Appellant Elizabeth Thomas prays that the Court grant her motion to dismissal this appeal with prejudice on an ex parte basis, as the Appellant has joined the Appellees PCF Investments Inc, a/k/a PCF Properties in Texas LLC., and the other Petitioning Creditors James Allen, Allan Haye, Robert L. Thomas and James M. Andersen settlement agreement entered into on December 17, 2023, which has been amended on March 18, 2023, (the "Amended Settlement Agreement") which has resolved all causes of actions, claims, counter claims, third party claims and issues subject to this appeal as to the March 30, 2023, adversary complaint by agreement with all costs and expenses of said appeal being paid by the party incurring the same, and prays that the Court vacate the bankruptcy court August 30, 2023, orders [DI, 19,20, and 22] as void for lack of personal jurisdiction over the debtors PCF Investments Inc, a/k/a PCF Properties in Texas LLC, and any such further relief the court deems proper and just.

Respectfully submitted,

By: *Elizabeth Thomas*
Elizabeth Thomas Pro, Se
712 H Street NE #2487
Washington, DC 20002
345-818-0862
Tethomas3@aol.com

## CERTIFICATE OF SERVICE

I certify that on March 25th, 2024, the foregoing Motion to Dismiss and Exhibits was served, on the Appellees via e-mail and regular mail thru the U.S. Postal Service upon:

**Via-E-Mail:** pcfpropertiesintexasllc456@gmail.com

PCF Investments Inc.,
PCF Properties in Texas LLC.
2711 Centerville Road
Wilmington, DE 19808

**Via Mailing address at** :

The Spires Law Firm
C/O PCF Investments Inc.,
PCF Properties in Texas LLC
17515 Spring Cypress Rd., #C620
Cypress, TX 77429
P: (713) 417-4662
F: (888) 277-0295
Attn: Attorney Alzadia Spires

*Elizabeth Thomas*
Elizabeth Thomas