IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PCF INVESTMENTS INC.<br>aka PCF PROPERTIES IN TEXAS, LLC,<br><br>      Alleged Debtor.<br>_____<br>ELIZABETH THOMAS,<br><br>      Appellant,<br><br>v.<br><br>PCF INVESTMENTS<br>aka PCF PROPERTIES IN TEXAS, LLC,<br><br>      Appellee. | Chapter 7<br>Bk No.: 23-10378 (TMH)<br>BK. BAP No. 23-0055<br><br><br><br><br><br><br><br><br><br>Civil Action No. 23-1047-CFC |

## MEMORANDUM ORDER

Before the Court are *pro se* appellant Elizabeth Thomas' (1) "Notice of Settlement and Voluntary Dismissal With Vacatur" (D.I. 12) ("Notice"), and (2) "Unopposed Motion and Request for Shorting Time for Application of the Hearing to Consider Expedited Application for Entry of an Order for Voluntary Dismissal" (D.I. 15) ("Motion to Shorten").

On March 30, 2023, appellant, together with certain other individuals (together, the "Petitioning Creditors") filed an involuntary chapter 7 case against "**PCF Investments Inc.**"[1] ("Alleged Debtor") a defunct Delaware corporation that forfeited its corporate charter in 1993. Bankr. D.I. 1. On the same day the involuntary petition was filed, fellow petitioning creditor James Andersen filed a purported notice of removal of a pending action in Texas state court (the "Texas Lawsuit") to this court for referral to the Bankruptcy Court ("Notice of Removal"). Bankr. D.I. 2. As the Bankruptcy Court later explained, while the Notice of Removal "was not a model of clarity," it referenced "a pending an action under cause No. 2020-35780 in the 80th District Court of Harris County, Texas ("State Court Action") involving the Petitioning Creditors and an entity with a name similar to that of the Alleged Debtor.

Indeed, similarly named entities "**P.C.F. Investments, Inc.**" and "**P.C.F. Properties in TX, LLC**" are parties to the State Court Action, which concerned certain real property located at 8202 Terra Valley Lane, Tomball, TX 77375. D.I. 17. This property, which was appellant's homestead, was lost in foreclosure in March 2020. P.C.F. Properties in TX, LLC was the winning bidder at the

---

[1] The Involuntary Petition names "PCf Investmenents Inc" [sic] as the alleged debtor but attaches organizational documents for "PCF Investments Inc." Bankr. D.I. 1.

foreclosure sale; the Petitioning Creditors filed suit against P.C.F. Properties in TX, LLC to divest it of title to the property; and P.C.F. Properties in TX, LLC moved for summary judgment. Before the Texas state district court could rule, however, Petitioning Creditors filed the involuntary chapter 7 case, and filed suggestions of bankruptcy in various proceedings asserting that the involuntary chapter 7 filing stayed those lawsuits—including the State Court Action.

The Bankruptcy Court ultimately found that the Petitioning Creditors had commenced the involuntary case against the wrong entity. On May 1, 2023, the Bankruptcy Court dismissed the involuntary chapter 7 case with prejudice. Bankr. D.I. 18. No counsel entered an appearance on behalf of the Alleged Debtor, and the order dismissing the involuntary chapter 7 case was not appealed.

Months later, on July 26, 2023, Petitioning Creditors filed three related motions: an emergency motion to reopen the chapter 7 case for the purpose of remand, a motion for relief from judgment, and a remand motion. Bankr. D.I. 19, 21, 22. The remand motion, which was filed by Mr. Andersen, sought an order remanding the purportedly removed State Court Action back to the 80th Judicial District Court of Harris County, Texas. In ruling on the Remand Motion, the Bankruptcy Court observed that "the Notice of Removal was defective in multiple respects." Bankr. D.I. 34 at 3. Further finding "no indication that the State Court

Action was effectively removed and is pending before this Court" the Bankruptcy Court held that "[b]ecause there is no action that was removed to this Court, there is no action that this Court can remand." *Id.* On August 30, 2023, the three motions were denied by the Bankruptcy Court. Bankr. D.I. 32, 33, 34 (the "Prior Orders"). Appellant has appealed the Prior Orders. (*See* D.I. 1).

Prior to briefing of the merits of the appeal, appellant filed (under seal) the Notice (D.I. 12) regarding a purported settlement with similarly named entities—**"PCF Investment Inc a/k/a PCF Properties in Texas LLC."**[2]—which the attached settlement agreement refers to as "Debtor PCF Investments Inc a/k/a PCF Properties in Texas LLC."

While not clear, appellant's Notice indicates that she seeks to dismiss this appeal voluntarily but only on the condition that this Court vacate the Bankruptcy Court's Prior Orders:

> As to the "Voluntary Dismissal["] pursuant to Federal Rule of Civil Procedure 41(a)(3) [sic] with prejudice has been conditioned [sic] whether the Appellant and Appellee can obtained [sic] vacatur of the bankruptcy court prior orders as without such vacatur the Parties Settlement Agreement is essentially meaningless.

---

[2] The Notice refers the purported settlement counter-party inconsistently throughout, including as: "PCF Investment Inc a/k/a PCF Properties in Texas LLC." (*id.* at 1); "PCF Investments Inc, a/k/a/ PCF Properties in Texas LLC." (*id.* ¶ 1); and "PCF Investments Inc., a/k/a PCf Properties in Texas LLC." (*id.* ¶ 5).

D.I. 12 at ¶ 9. By the separately filed Motion to Shorten, Appellant again "moves the Court to vacate the bankruptcy court orders entered on August 30, 2023." (D.I. 15 at 1). Appellant purports that the vacatur of the Bankruptcy Court's Prior Orders is required to effectuate the global settlement but offers no explanation as to why that is necessary. D.I. 12 at ¶ 9. Although far from clear, appellant's argument appears to be that Alleged Debtor PCF Investments Inc.—an admittedly defunct entity—was not served with the involuntary petition, was deprived of the opportunity to be heard on any matters, and therefore the Prior Orders—and presumably the order dismissing the involuntary petition against it—should be vacated. *See* D.I. 12 at ¶¶ 4-6.

As appellant concedes, the granting of a vacatur is within the Court's sole discretion. *Id.* at ¶ 10. Appellant has failed to offer any fact or circumstance that would justify vacating the Bankruptcy Court's Prior Orders at this stage of the proceedings.

The Notice further indicates that, if this "Court decides against vacatur" of the Prior Orders, the parties prefer "to move forward with the appeal" rather than dismiss it. *Id.* at ¶¶ 9-10.

Accordingly, it is HEREBY ORDERED THAT:

1. The relief sought in the Notice (D.I. 12) and Motion to Shorten (D.I.

15) is DENIED.

2.   The following schedule shall govern briefing of the merits of the appeal: an opening brief in support of the appeal shall be filed no later than May 30, 2024; an answering brief shall be filed no later than July 1, 2024; and a reply brief shall be filed no later than July 15, 2024.

3.   Appellant's failure to meet the deadlines contained in this Order may result in the dismissal of this appeal without further notice.

_____
Chief Judge